The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Chrystal Redding Stanback and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Decision and Order. However, pursuant to its own authority, the Full Commission has modified the Deputy Commissioner's holding and enters the following Decision and Order.
***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Industrial Commission has jurisdiction of the subject matter and is the proper forum for the hearing and determination of this claim.
2. Defendant, North Carolina Agricultural and Technical State University's (N.C. AT) named employee, Dr. James McDowelle, recruited plaintiff to participate in a graduate program designed to attract minorities in the field of special education and who were interested in acquiring an Educational Specialist Degree in Administration (hereinafter called an Ed.S. degree). Dr. McDowelle was the head of the program. An Ed.S. degree is earned after the completion of 33 hours of graduate study course work. This degree is one step above a Masters degree and one step below a doctorate degree.
3. Plaintiff was a school counselor at Griffith Elementary School in Winston-Salem when defendant recruited her for its program. Defendant arranged with Winston-Salem school officials for plaintiff to work full days on Monday, Wednesday and Friday and partial days on Tuesday and Thursday to allow her to participate in the program. In addition, school officials agreed to compensate plaintiff at 75 percent of her current salary and to continue providing her benefits and retirement. Defendant agreed to pay plaintiff an $8,400 stipend to help make up for the 25 percent of her salary that would be lost.
4. Plaintiff began the program in September 1993, and completed her course work in August 1994. She successfully completed the 33 hours required with a 4.0 grade point average. In August 1994, Dr. McDowelle and N.C. A T learned that it had not obtained the authority to issue the Ed.S. degree. Defendant N.C. A T notified plaintiff in writing of its error and began to take remedial steps, including offering plaintiff a Master of Science in Educational Administration and Supervision. As this was not acceptable to plaintiff, defendant arranged with the University of North Carolina at Greensboro for plaintiff to receive an Ed.S. in Leadership degree. However, plaintiff also declined this remedial solution offered by defendant.
5. While plaintiff did not receive an acceptable degree, she did receive the knowledge and educational benefits from the completion of the 33 hours of course work. If plaintiff chooses to enroll in a program that will confer an acceptable degree upon her, these credit hours may possibly be utilized in completion of such a program.
6. Plaintiff asserted there were jobs for which she was not qualified because of her lack of an Ed.S. degree. One such job plaintiff contends she could not qualify for because of her lack of an Ed.S. Degree was that of school principal in Maryland. However, Mr. Steve Walt, Assistant Superintendent of the Baltimore County Public Schools in Maryland, testified via deposition that an Ed.S. Degree was not required for the job, nor would it influence an employee's pay.
7. Other jobs plaintiff was interested in required passage of the National Teachers Exam in Educational Leadership. Therefore, even with an Ed.S. Degree, plaintiff would have to pass this national exam to qualify for these positions. To date, plaintiff has taken the National Teachers Exam in Leadership twice, but has yet been unable to pass it.
8. Plaintiff has been treated by Dr. James Yopp since 1994. Prior to this incident, plaintiff had diabetes, but did not require medical treatment or insulin to manager her condition. Since the incident with defendant, plaintiff has undergone numerous tests and has required closer monitoring, as well as insulin treatment. According to Dr. Yopp, the stress of the situation with defendant has caused plaintiff to experience an increase in emotional and mental stress which makes her diabetes more difficult to control. Dr. Yopp testified that while plaintiff had other stressors in her life, including being a divorced, single mother, losing her father, learning that a close friend had cancer, and failing the NTE, these stressors were small in comparison to the situation with defendant.
9. Plaintiff has also been receiving psychological treatment from Dr. Myrna Williams. Dr. Williams testified that plaintiff is very academic and achievement oriented and is sensitive about the way others see her. As a result, the situation with defendant caused plaintiff to experience an increased amount of stress. This increased amount of stress has made it necessary for plaintiff to undergo counseling.
10. Plaintiff's need for medical treatment and for psychological counseling, as well as her lost wages and costs in pursuing this action were proximately caused by defendant's named employee's negligence.
11. Plaintiff's damages as the result of defendant's admitted negligence were as follows: $3,700.00 in accrued medical and psychological counseling expenses; $1,437.00 in lost wages while attending the programs at N.C. A T; $650.00 in costs to bring this action, and; $2,000 for additional psychological counseling. Based on these figures, plaintiff's actual and only damages amount to $7,787.00.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The Industrial Commission has jurisdiction of the subject matter and is the proper forum for the hearing and determination of this claim. G.S. § 143-291 et seq.
2. As a result of the stipulated liability of defendant, it is liable to plaintiff for damages she incurred as the proximate result of the negligence of its named employee, Dr. James McDowelle. G.S. § 143-291 et seq.
3. As the result of defendant's admitted negligence, plaintiff is entitled to be paid by defendant $7,787.00 for the only and actual damages she sustained. G.S. § 143-291 et seq.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Defendant shall pay plaintiff the sum of $7,787.00 in damages as the result of its admitted negligence.
2. Defendant shall pay the costs.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
S/_____________ CHRISTOPHER SCOTT COMMISSIONER